LILES, Judge.
Dieter Luehmann and his wife purchased an automobile from Belmont Chevrolet under a conditional sales agreement, which agreement was subsequently assigned to General Motors Acceptance Corporation of Canada, Ltd. Thereafter, Luehmann drove the vehicle to Florida and traded, it to Barry & Associates, Inc., d/b/a O’Brien Motors. O’Brien Motors accepted the automobile without knowledge of the outstanding conditional sales agreement. The papers did not show any lien outstanding against the automobile.
General Motors Acceptance Corporation of Canada, Ltd., appellee, sought to enforce its lien against appellant, Barry & Associates, Inc., d/b/a O’Brien Motors, and asked for a judgment in the amount of $2,173.45, the outstanding indebtedness on the automobile. Following appellant’s answer, appellee moved for and was granted a summary judgment on the pleadings.
The question then is whether a foreign lien against an automobile which has not been recorded in the Office of Motor Vehicle Commission of the State of Florida is enforceable against a subsequent purchaser for value in Florida.
This precise question was before the First District Court of Appeal in the case of Northside Motors v. General Motors Acceptance Corporation, Fla.App.1971, 255 So.2d 560. There the court refused to enforce the foreign lien.
The instant case is controlled by that decision and upon the authority of North-side Motors v. General Motors Acceptance Corporation, supra, we reverse and remand for action consistent with that opinion.
PIERCE, C. J., and HOBSON, J., concur.